**E. and E. J. PFOTZER, a Partnership Composed of Edmond Pfotzer and E. John Pfotzer, Plaintiffs,**

v.

**David ROSENTHAL, Individually and Trading as Philadelphia Transformer Co., Defendant.**

**Civ. A. No. 25140.**

United States District Court
E. D. Pennsylvania.

March 18, 1959.

744

John H. Archer, Philadelphia, Pa., for plaintiffs.

Henry W. Maxmin, of Jacoby & Maxmin, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant has moved for a transfer of this action to the Middle District of Pennsylvania pursuant to 28 U.S.C.A. § 1404(a).

Plaintiffs reside in Barre, Vermont. Defendant has a place of business in Philadelphia, in the Eastern District of Pennsylvania. The action arises out of the sale of a bulldozer in Dalton, Pennsylvania, in the Middle District, near Scranton. An action between the parties, involving other aspects of the transaction, is pending in a state court at Scranton.

Following the argument on the motion, both parties filed affidavits as the court directed. Plaintiffs' affidavit shows that their witnesses include themselves, office employees at Barre, who will testify as to records there, two service employees (one of whom is "located" in Wilmington, Delaware), one or more experts in or near Philadelphia, and employees of a Philadelphia insurance agency, a Philadelphia insurance company, and a Philadelphia bank, who will testify to records

of those firms. Defendant's affidavit shows that his witnesses include himself "whose primary activities are centered about his place of business in Dalton", and six other fact witnesses, of Dalton and other towns nearby.

There are involved in this case no apparent problems of foreign law or conflict of laws and no apparent lack of compulsory process for attendance of witnesses. No need appears for a view of premises, nor does it appear that the defendant has been deliberately brought into this district for harassment.

The factors weighing in favor of the defendant's motion are the distance of his witnesses from Philadelphia, the fact that the transaction occurred near Scranton and the necessity for having separate counsel in each court. The factors weighing against the motion are that many of plaintiff's witnesses are in or near Philadelphia, much of their documentary evidence is in Philadelphia, and this is the forum they have chosen.

Since the balance of the factors is not strongly in defendant's favor, the motion to transfer will be refused. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.